UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CECIL H. WATSON, etc.,            )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )    Civil Action No. CV-02-S-2789-NE
                                  )
FOREST RIVER, INC.,               )
COBRA INDUSTRIES, INC.,           )
SUBURBAN MANUFACTURING CO.,       )
                                  )
    Defendants.                   )

FILED
03 FEB 12 PM 2:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 1 2 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

Plaintiff asserts product liability, breach of warranty, and negligence claims against defendants. This action presently is before the court on the motion to dismiss filed by defendant Forest River, Inc. ("Forest River"),[1] and on plaintiff's motion for leave to amend the complaint.[2] Because Forest River supplemented its motion to dismiss by filing the affidavit of J. Richard Ransel, the court advised the parties that the motion would be treated as one for summary judgment.[3] Upon consideration of the pleadings, the parties' briefs, and the evidentiary submissions, the court concludes that the motion for leave to amend the complaint is due to be granted, and that the motion for summary judgment is due to be denied.

### I. STANDARD OF REVIEW

Where, as here, matters outside the pleadings are presented to and considered by the court when ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable

---

[1] Doc. no. 9.
[2] Doc. no. 13.
[3] Doc. no. 12 (Order entered January 6, 2003).

opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b), Fed. R. Civ. P.; *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D. D.C. 1986)(Richey, J.). This allows the court's inquiry to be fact specific and allows the nonmovant to demonstrate the existence of any genuine issues of material fact. *But see Denis v. Liberty Mutual Insurance Co.*, 791 F.2d 846, 850 (11th Cir. 1986) (recognizing an exception to the requirement that the court afford plaintiff notice of its intent to convert and an opportunity to supplement the record); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985) (same).

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City*

*of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (internal quotation marks and citations omitted); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

## II. DISCUSSION

Forest River purchased the assets of defendant Cobra Industries, Inc., during 1995.[4] Forest River contends that plaintiff has failed to state a claim upon which relief can be granted, in view of an order entered on January 23, 1995 in the United States Bankruptcy Court for the District of Delaware by Bankruptcy Judge Helen S. Balick on January 23, 1995, which stated, in pertinent part, as follows:

> The acquisition by [Forest River] of the Purchased Assets in accordance with the Asset Purchase Agreement shall be, and hereby is, determined to be *free and clear of all liens, claims and encumbrances with such liens, claims and encumbrances to attach to the proceeds of the sale with the same force, validity and effect which they had as against the Purchased Assets. No liabilities of* [Cobra Industries, Inc.] *shall attach to the Buyer or the Purchased Assets* and the Bankruptcy Court shall specifically retain jurisdiction over this matter to enforce the provisions of this Order; provided that nothing in this Order or the Asset Purchase Agreement shall be construed to in any way relieve Peter J. Liegl[5] from, or indemnify him for, *inter alia*, (i) any liability incurred in the operation of the Debtor's Tent Camper Division from and after January 2, 1996 and (ii) any liability incurred in connection with or relative to the shareholder class action lawsuit presently pending against Cobra and certain former and current directors and officers or any other similar lawsuit.[6]

Accordingly, Forest River contends that it cannot be held liable for any claims arising from products manufactured by Cobra, Inc.

Under Alabama law, generally, "a purchasing corporation is not liable for the debts and liabilities of the selling corporation." *Asher v. KCS International, Inc.*, 659 So. 2d 598, 599 (Ala.

---

[4]Doc. no. 9 (Motion to Dismiss), at 2.
[5]The record does not indicate Peter Liegl's relationship to Cobra Industries, Inc., or to Forest River.
[6]Doc. no. 9 (Motion to Dismiss), ex. A (emphasis supplied).

1995). The Alabama Supreme Court has carved four exceptions from that general rule, holding that so-called "successor liability" may be established where:

> (1) there is an express agreement to assume the obligations of the transferor, (2) the transaction amounts to a de facto merger or consolidation of the two companies, (3) the transaction is a fraudulent attempt to escape liability, or (4) the transferee corporation is a mere continuation of the transferor.

*Andrews v. John E. Smith's Sons Co.*, 369 So. 2d 781 (Ala. 1979). Forest River asserts that plaintiff's complaint fails to allege any theory of successor liability, and that even if it did, the order entered during bankruptcy proceedings bars plaintiff's claims against Forest River.

Subsequent to the filing of the motion to dismiss, however, plaintiff filed a motion for leave to amend the complaint.[7] The proposed amended complaint alleges alternative theories of successor liability. Because resolution of the motion to dismiss turns on the sufficiency of the complaint's allegations, the court first will address plaintiff's motion for leave to amend the complaint.

Federal Rule of Civil Procedure 15(a) provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has provided the following guidance for district courts when considering whether an amendment to the complaint will be permitted under Fed. R. Civ. P. 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the

---

[7]Doc. no. 13.

leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "[I]f a complaint as amended is subject to dismissal, leave to amend need not be given." *Pan-Islamic Trade Corporation v. Exxon Corporation*, 632 F.2d 539, 546 (5th Cir. 1980) (citing *DeLoach v. Woodley*, 405 F.2d 496 (5th Cir. 1969); *Byrne v. Kysar*, 347 F.2d 743 (7th Cir. 1965), *cert. denied*, 383 U.S. 913, 86 S. Ct. 902, 15 L. Ed. 2d 668 (1966)), *rehearing denied*, 642 F.2d 1210 (11th Cir.), *cert. denied*, 454 U.S. 927 (1981).

Plaintiff seeks to amend the complaint primarily in order to allege that defendant Forest River is liable for injuries suffered by Cecilia Michelle Cahill, as the successor entity of defendant Cobra Industries. The court finds no evidence of dilatory motive or bad faith, and there is no indication that defendants would be prejudiced by the amendment.

Forest River contends, however, that all claims against it based upon a theory of successor liability are subject to dismissal. Forest River relies on *Glenn v. Steelox Building Systems, Inc.*, 698 So. 2d 142 (Ala. Civ. App. 1997). In *Glenn*, one of the plaintiffs was injured when a building collapsed. One of the defendants subsequently filed a voluntary petition for bankruptcy. The United States Bankruptcy Court for the Southern District of Ohio approved the sale of defendant's assets to another corporation "free and clear of any liens, claims, encumbrances and interests." *Id.* at 143. The bankruptcy court's order also provided that the purchasing corporation and its successors or assigns would not be deemed a successor corporation to the defendant, and that the defendant would remain solely liable for its liabilities. *Id.* The corporation, in turn, transferred the assets to Steelox Building Systems, Inc., which was added as a defendant. *Id.* The court pretermitted plaintiffs' argument that Steelox was liable under a theory of successor liability, stating that "the bankruptcy

order approving the asset sale clearly provided that neither [the purchasing corporation] nor its successors or assigns are liable for any claims against [the bankrupt defendant corporation]. That order effectively precludes the imposition of successor liability upon Steelox." *Id.* at 144.

Even so, there is an important distinction between *Glenn* and the facts of this case. Here, plaintiff's claims arose *after* the bankruptcy court's order was entered. The Fifth Circuit addressed similar circumstances in *Mooney Aircraft Corp. v. Foster*, 730 F.2d 367 (5th Cir. 1984), holding that "[t]he bankruptcy court could not sell free and clear of claims asserted by the victims of an accident which did not occur until five years later." *Id.* at 375. This court finds that reasoning persuasive. Accordingly, plaintiff's motion for leave to amend the complaint is due to be granted.

Finally, Forest River contends that this court lacks jurisdiction, because the bankruptcy court's order states that "[n]o liabilities of the Debtor shall attach to the Buyer or the Purchased Assets and *the Bankruptcy Court shall specifically retain jurisdiction over this matter to enforce the provisions of this Order* . . . ."[8] This court disagrees, and concludes that because, as stated above, the bankruptcy court's order did not encompass plaintiff's claims since they arose more than seven years after the bankruptcy sale, that court has no jurisdiction over the claims asserted in this action.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion for leave to amend the complaint is due to be granted, and the motion to dismiss filed by defendant Forest River, which was treated as a motion for summary judgment, is due to be denied. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

---

[8] Doc. no. 9 (Motion to Dismiss), ex. A, at 3 (emphasis supplied).

DONE this __12th__ day of February, 2003.

_____
United States District Judge